Opinion filed May 20, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00219-CR

                                                     __________

 

                                QUILLA
MARSH MOORE, Appellant

 

                                                             V.

 

                                       STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 39th District Court

 

                                                           Haskell
County, Texas

 

                                                       Trial
Court Cause No. 6290

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Quilla Marsh Moore of the offense of possession of cocaine in an
amount of one to four grams.  In an enhancement paragraph, the State alleged that
appellant had previously been convicted of felony possession of cocaine.  The
jury found that allegation to be true  and assessed his punishment at
confinement for twenty years and a fine of $10,000.  We affirm.

            In a
single issue, appellant claims that the evidence is both legally and factually
insufficient to support the verdict.  Specifically, he attacks only the
possession element of the offense. In a legal sufficiency review, we
examine all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Bigon v. State, 252 S.W.3d 360, 366 (Tex. Crim.
App. 2008).  That standard is the same in both direct and circumstantial
evidence cases, and circumstantial evidence is just as probative as direct
evidence.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

            When
we perform a factual sufficiency review, we again review all of the evidence,
but in a neutral light.  We determine whether the evidence supporting the
verdict is so weak or so against the great weight and preponderance of the
evidence as to render the verdict manifestly unjust.  Steadman  v.
State, 280 S.W.3d 242, 246, 247 n.15 (Tex. Crim. App. 2009).  We give great
deference to the jury’s verdict.  Id.  

            In a
case of this nature, the State must prove that appellant exercised care,
custody, control, or management over the cocaine and that he knew it was contraband. 
Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006);  Brown v.
State, 243 S.W.3d 141, 148 (Tex. App—Eastland 2007, pet. ref’d).  The State
must also prove that appellant’s connection with the contraband was more than
fortuitous.  Brown , 243 S.W.3d  at 148.  Although
presence or proximity, when combined with other evidence, direct or
circumstantial, may be sufficient to show possession, it is not enough to show
that appellant was merely present where the contraband was found.  Id. 
The purpose of this “affirmative links” rule in Texas is to provide protection
to those who are present where drugs are found but who are innocent
bystanders.  Id.  When one accused of possessing contraband is not in
exclusive possession of the place where that contraband was found, then there
must be other facts and circumstances that show an affirmative link between
that person and the contraband.  Poindexter v. State, 153 S.W.3d 402,
406 (Tex. Crim. App. 2005).  Otherwise, it cannot be concluded that the person
had knowledge of and control over the contraband.  Id.  We have held
that some of the affirmative links that may establish possession include:  (1)
the defendant’s presence when a search is conducted; (2) whether the contraband
was in plain view; (3) the defendant’s proximity to and the accessibility of
the narcotic; (4) whether the defendant was under the influence of narcotics
when arrested; (5) whether the defendant possessed other contraband or
narcotics when arrested; (6) whether the defendant made incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8)
whether the defendant made furtive gestures; (9) whether there was an odor of
contraband; (10) whether other contraband or drug paraphernalia were present;
(11) whether the defendant owned or had the right to possess the place where
the drugs were found; (12) whether the place where the drugs were found was
enclosed; (13) whether the defendant was found with a large amount of cash; and
(14) whether the conduct of the defendant indicated a consciousness of guilt.  Id. 
It is not the number of links that is dispositive but, rather, the logical
force of all of the evidence, direct and circumstantial.  Evans, 202
S.W.3d at 162.  

We
will examine all of the evidence presented through the lenses we have outlined
above to determine first whether that evidence is legally sufficient to support
the verdict.  We will then examine that evidence to determine whether it is
factually sufficient.

A
confidential informant told Haskell County Sheriff David Halliburton that he
had been in appellant’s motel room in Stamford and that appellant had cocaine
there.  Appellant had borrowed the money to rent the room.  Although one other
person was with him when he rented the room, appellant was the one who rented
it.   

After
obtaining a search warrant, various law enforcement officers executed it.  During
the search, the officers found, among other things, two crack pipes, a spoon,
and some marihuana.  They also found a grocery bag in the same nightstand
drawer as the marihuana.  The confidential informant had told Sheriff
Halliburton that the cocaine was hidden in a window.  The officers found a
package of cocaine hidden in a mini blind in a window in the bathroom.

No
one was in the room when the officers began the search.  While they were
searching the room, appellant drove up to the motel and came to the door of the
room that he had rented.  There were three other people with him, but appellant
was the only one who came to the room.  As he was trying to open the door, the
officers opened it and let him in. As he entered the room, the officers
arrested him.

            When
the officers went to the vehicle in which appellant came to the motel, they
removed three people from it.  The officers placed the three people on the
ground beside the vehicle.  Later, they found a marihuana cigarette, a razor
blade, and a crack pipe under the vehicle.

            One
of appellant’s witnesses, Erma Jones, testified that she and five other women
had gone to appellant’s motel earlier on the day of the arrest.  The purpose of
the trip was to buy crack cocaine; appellant had none, and he left the room
shortly after Jones and the others got there.  When he left, the women stayed
in the room.  Jones said that three of them utilized the bathroom facilities
(where the cocaine was found) before leaving the motel room.  Jones also testified
that crack cocaine was made from powdered cocaine and baking soda.

            Appellant
told the officers the marihuana and the crack pipes found in the nightstand
were his.  He also told them the plastic bag found in the nightstand “was the
same that the cocaine was in.”  The officers originally thought that the
plastic bag had no significance, until appellant made that statement.  He
denied that the powdered cocaine they found in the bathroom mini blind was his. 


            We
believe the evidence we have outlined is both legally and factually sufficient
to support the verdict of the jury that appellant knowingly and intentionally
possessed the cocaine.  He was the one who rented the room.  When he arrived at
the motel during the search, none of the passengers got out of the vehicle and
came into the motel room. The informant testified that he had been in
appellant’s room and that appellant had cocaine hidden in a window.  The
officers found the cocaine as the informant had told them they would. 
Appellant admitted that the crack pipes and the marihuana were his.  He also
called the officers’ attention to the fact that the plastic grocery sack was
the same as that in which the cocaine was packaged.  While appellant claims to
be a crack smoker and claims that crack and cocaine are in a different form, his
witness Jones testified that cocaine and baking soda are the ingredients for
crack cocaine.

We
hold that the evidence we have outlined affirmatively links appellant to the
cocaine and that his presence where the cocaine was found was more than
fortuitous.  Any rational trier of fact could have found beyond a reasonable
doubt that appellant exercised care, custody, control, or management over the
cocaine.  The evidence is, therefore, legally sufficient to support the
verdict.  

            Our
review of all of the evidence in a neutral light leads us to hold that the
evidence supporting the verdict is neither so weak nor so against the great
weight and preponderance of the evidence as to render the verdict manifestly
unjust, and it is therefore factually sufficient to support the verdict.  We
overrule appellant’s sole issue on appeal.




            We
affirm the judgment of the trial court.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

May 20, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.